IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AARON SMITH                                                                    PLAINTIFF

v.                                          CIVIL NO. 19-cv-04080

ANDREW SAUL, Commissioner                                      DEFENDANT
Social Security Administration

### MEMORANDUM OPINION

Plaintiff, Aaron Smith, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act").  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for SSI on March 16, 2016. (Tr. 11). In his application, Plaintiff alleged disability beginning on October 31, 2014, due to coronary artery disease. (Tr. 44, 226, 230). An administrative hearing was held on December 3, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 40-67). At the hearing, Plaintiff amended the alleged onset date to March 16, 2016, the date of his application.  (Tr. 44).  A vocational expert ("VE") also testified.  (*Id.*).

On February 26, 2019, the ALJ issued an unfavorable decision. (Tr. 8).  The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: coronary artery disease post-stent placement, hypertension, depression, and anxiety. (Tr. 13). However, after reviewing all of the evidence presented, the

ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13-14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a), except he can occasionally perform postural activities like climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling, but he is unable to climb ladders, ropes or, scaffolds.  The claimant can understand, remember, and carry out unskilled work tasks, and he can make simple work-related decisions. He can occasionally interact with supervisors and coworkers, but he can have no more than incidental interaction with the general public.
> (Tr. 14-18).

The ALJ found Plaintiff had no past relevant work.  (Tr. 18). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of addressing clerk or surveillance systems monitor.  (Tr. 18-19).  The ALJ found Plaintiff was not disabled from March 16, 2016, through the date of his decision.  (Tr. 19).

Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial

2

evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings two points on appeal: 1) Whether the ALJ's decision was not supported by substantial evidence due to a failure to properly assess his heart disease and significant non-exertional impairments; and 2) whether the ALJ failed to give proper weight to the opinions of Dr. Covert and Dr. Murphy. (Doc. 13). The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 29th day of April 2020.

/s/   *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE